IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Emerson Jimel Edwards,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>Warden Stephon and Warden Rainmo,<br><br>　　　　　　Defendants. | Civil Action No. 2:20-cv-2459-CMC<br><br>**ORDER** |

　　　　This matter is before the court on Plaintiff's Complaint filed June 29, 2020. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings.

　　　　On September 30, 2020, the Magistrate Judge entered a Proper Form Order informing Plaintiff his Complaint did not contain sufficient factual matter to state a claim for relief that is plausible on its face. ECF No. 8. Plaintiff was granted leave to file an Amended Complaint within 21 days of that order, and was notified failure to do so could result in his case being dismissed for failure to prosecute and failure to comply with a court order. *Id.* at 3. Plaintiff filed an Amended Complaint on October 19, 2020. ECF No. 11. Thereafter, Plaintiff filed a motion to appoint counsel (ECF No. 15) and a "Motion to Produce" documents or "any and all discovery" pertaining to the case (ECF No. 18). These motions were denied by the Magistrate Judge except he was provided a copy of his Complaint, the court's proper form order, and his Amended Complaint. ECF Nos. 19, 21.

　　　　On May 6, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this matter be summarily dismissed with prejudice and without issuance and service of process because Plaintiff could not cure the defects in his Complaint. ECF No. 22. The

Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has not filed objections and the time to do so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts the Report by reference in this Order. As Plaintiff had an opportunity to amend his Complaint but did not provide further information regarding his claims, this matter is dismissed with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 14, 2021

3